FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 0 7 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-------------------------------------------------------------X

MULBAH ROBERTSON,

                       Plaintiff,

    -against-

VISA AND MASTERCARD CREDIT AND
DEBIT CARDS,

                       Defendants.

-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-5077 (WFK) (LB)
(Kuntz, J.)

**WILLIAM F. KUNTZ, II, United States District Judge**

      On September 5, 2013, Mulbah Robertson ("Plaintiff"), a prisoner incarcerated at

Gouverneur Correctional Facility, brought this *pro se* complaint against credit card issuers,

ostensibly as a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's application to proceed

*in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.  For the reasons that follow, the

Complaint is dismissed with prejudice.

## BACKGROUND

      Plaintiff alleges that defendants Visa and Mastercard "separately and together with banks,

violated my rights and violated antitrust laws, and caused me, Mulbah Robertson, to pay

excessive fees."  Compl. at 3.  He alleges that he paid "excessive fees for accepting Visa and

Master Card credit and debit cards, between January 1, 2004 and December 11, 2011."  Id. at 4.

He states: "I'm also aware[] that on Nov[ember] 27, 2012, the court gave preliminary approval

to this settlement.  I do not exclude myself from the cash settlement class."[1]  Id. at 3.  Plaintiff

---

[1] Plaintiff may be referring to a class action litigation pending in the United States District Court
for the Eastern District of New York between merchants and credit card companies alleging that
various businesses and entities paid excessive fees for accepting credit and debit cards as
payment.  In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig., No. 05–
MD–1720 (JG) (JO) (E.D.N.Y.) (Gleeson, J.).  To the extent that Plaintiff believes that he
belongs to this class of merchants, he may visit the official court-authorized settlement website,
www.paymentcardsettlement.com for further information.

further alleges that the defendants "have damage[d] my credit." Id. at 4.  He seeks $20 million in damages.

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim.  Factual allegations alone are what matters." Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*en banc*)).  However, to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Moreover, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A plaintiff seeking to bring a lawsuit in federal court must also establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999) (Spatt, J.). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank &

2

Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); see Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975).

Plaintiff has failed to state a claim on which relief may be granted. Plaintiff brings his action as a "Civil Rights Complaint," which is cognizable under 42 U.S.C. § 1983 ("§ 1983"). However, in order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Here, the only named defendants are private entities. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotation marks omitted). Plaintiff has not alleged that the defendants are state actors or are acting under the authority of state law. Nor has he identified any loss of constitutionally protected rights that would come under the ambit of § 1983.

3

Plaintiff alleges that the defendants have "violated antitrust law," but has not suggested any theory under which defendants may have colluded to raise prices or harm competition. See Atl. Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 338 (1990) ("The antitrust laws were enacted for the protection of *competition . . . .*" (internal quotation marks and citations omitted)); Ruotolo v. Fannie Mae, No. 09-CV-7851, 2013 WL 989740 (S.D.N.Y. Mar. 13, 2013) (Karas, J.) (dismissing plaintiff's claims for antitrust violations where plaintiff had failed to show defendants' conspiracy to restrain trade by fixing prices and reducing competition). As Plaintiff has failed to state a claim under § 1983, the antitrust laws, or any other provision of federal law, his case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court has also considered whether his claims could assert any other basis for this Court's jurisdiction. Plaintiff appears to be dissatisfied with the fees assessed for his use of credit card services, presumably under contracts he entered into with unidentified credit card providers. These contractual matters may be considered in state courts, but not in federal courts in the absence of diversity jurisdiction. Plaintiff has not asserted diversity of citizenship nor submitted facts that would suggest any reasonable probability that he could recover more than $75,000 in a breach-of-contract action, as would be necessary to meet the amount-in-controversy requirement for diversity jurisdiction. As Plaintiff neither raises a question of federal law, nor asserts diversity jurisdiction, the Court has no basis for federal subject matter jurisdiction over this action.

## CONCLUSION

Since Plaintiff's complaint fails to state a claim upon which relief may be granted or assert a basis for federal subject matter jurisdiction, this action is hereby dismissed with

4

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).  The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken

in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See

Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**

Dated: Brooklyn, New York
　　　October 7, 2013

　　　　　　　　　　　　　　　　/S/ Judge William F. Kuntz, II
　　　　　　　　　　　　　　　　HON. WILLIAM F. KUNTZ, II
　　　　　　　　　　　　　　　　United States District Judge

5